**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VANESSA PENALVER and
MICHAEL SPEIGNER,

                  Plaintiffs,

-vs-                                    Case No. 6:08-cv-1612-Orl-31GJK

ASIAUSA, LLC, a Florida Limited Liability
Company, and ELIA GOLFIN,

                  Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT** (Doc. No. 24) |
| **FILED:** | **January 22, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

### I. BACKGROUND

      On September 19, 2008, Plaintiff Vanessa Penalver ("Penalver") filed a complaint (the "Complaint") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b), against Defendants. Doc. No. 1. On September 30, 2008, Defendants were served with the Complaint.

Doc. Nos. 7-8. After Defendants failed to answer or respond to the Complaint, on November 13, 2008, a Clerk's Entry of Default was entered against Defendants. Doc. No. 10. On November 25, 2008, Penalver, along with a new Plaintiff, Michael Speigner (collectively, the "Plaintiffs") filed an amended complaint (the "Amended Complaint") against Defendants for failing to pay Plaintiffs overtime wages for all hours worked in excess of forty hours per week. Doc. No. 11.

After being properly served with summons and a copy of the Amended Complaint on December 2, 2008, the Defendants did not respond to the Amended Complaint. Doc. Nos. 20, 21. On December 19, 2008 and pursuant to Rule 55(a), Federal Rules of Civil Procedure, the Clerk entered default against the Defendants. Doc. No. 23. On January 22, 2009, the Plaintiffs filed the instant Motion for Entry of Default Final Judgment (the "Motion"). Doc. No. 24. Pursuant to Local Rule 1.07(b), the Motion is timely. The Certificate of Service states that the Defendants were served with a copy of the Motion by U.S. Mail on January 22, 2009. Doc. No. 24 at 10. The Defendants failed to file any opposition to the Motion. The Motion is presently before the Court.

## II. THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id.* A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

### III. APPLICATION

#### A. Wages

In her affidavit, Penalver states that she was employed by the Defendants as an administrative assistant from approximately June 2007 through May 2008 (52 weeks). Doc. No. 24-2 at 2. Pursuant to 29 U.S.C. § 207(a)(1),[1] Penalver was entitled to be paid one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours during a work week. *Id.* In her affidavit, Penalver states she was paid an hourly wage of $11.50 per hour, but was only paid for forty hours per week. Doc. No. 24-2 at 2. Penalver states that she regularly worked seventy-five to eighty hours per week. *Id.* Penalver maintains that her calculations are based on her recollection because the Defendants are in possession of her time records. *Id.* Penalver's affidavit does not contain a calculation of total damages. *See* Doc. No. 24-2. In the Motion, Penalver's damage calculations are as follows: "$11.50 per hour x 1.5 = $17.25 (overtime rate) x 37.50 average OT hours per week = $648.88 owed per week x 45 weeks (estimated minus holidays/days off) = $29,109.60 x 2 (liquidated damages) = $58,219.20." Doc. No. 24 at 6 n. 2. Therefore, in the Motion,

---

[1] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Penalver calculates that she is entitled to a $29,109.60 in actual damages. *Id*. Pursuant to 29 U.S.C. § 216(b), the Defendants are also liable for liquidated damages which equals the same amount as the unpaid overtime compensation. *Schmidlin*, 2008 WL 976158 at *2. Thus, Penalver also calculates an additional $29,109.60 in liquidated damages, for a total damage calculation of $58,219.20. Doc. No. 24 at 6 n. 2.

In his affidavit, Speigner states that he was employed by the Defendants as a manager from September 10, 2007 through June 22, 2008 (41 weeks). Doc. No. 24-3 at 2. Although employed as a manager, Speigner states in his affidavit that he did not supervise two or more employees, hire or fire any employees, and he did not exercise discretion or independent judgment in significant employment matters. *Id*. According to Speigner, "every decision had to go through Mr. Elia Golfin." *Id*. In his affidavit, Speigner states that he was paid on a salary basis at $50,000.00 per year. Doc. No. 24-3 at 3. Speigner states that he regularly worked approximately fifty-five hour work weeks, but the Defendants did not pay him time and a half for any hours worked in excess of forty hours per week. *Id*. at 2-3. Speigner's affidavit does not contain a calculation of total damages. *See* Doc. No. 24-3. In the Motion, Speigner's damage calculations are as follows: "$50,000.00 (salary) / 52 weeks = $961.54 salary per week / 55 hours worked per week = $17.48 per hr / 2 = $8.74 (half-time) x 15 OT hours per week $131.10 owed per week x 37 weeks (estimated minus holidays/days off) = $4,850.70 x 2 (liquidated damages) = $9,701.40." Doc. No. 24 at 7 n. 4. Therefore, in the Motion, Speigner calculates that he is entitled to a $4,850.70 in actual damages. *Id*. Pursuant to 29 U.S.C. § 216(b), the Defendants are also liable for liquidated damages which equals the same amount as the unpaid overtime compensation. *Schmidlin*, 2008 WL 976158 at *2. Thus,

Speigner also calculates an additional $4,850.70 in liquidated damages, for a total damage calculation of $9,701.40. Doc. No. 24 at 7 n. 4.

### B. Attorneys' Fees

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "<u>in addition to</u> any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). In support of the Motion, counsel for Plaintiffs filed an affidavit attesting that the total attorneys' fees equal $2,528.00 and the total costs equal $620.00. Doc. No. 24-4 at ¶ ¶ 6-7. [2] Plaintiff's counsel attaches a time sheet (Doc. No. 7-4) and the cost ledger (Doc. No. 7-5) to his affidavit.[3]

#### 1. <u>Reasonable Hourly Rate</u>

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

---

[2] Plaintiffs' counsel, C. Ryan Morgan, states that he spent 6.3 hours of time on the case at a rate of $300.00 per hour, and Silvia Jolly, counsel's paralegal, spent 6.5 hours of time on the case at a rate of $95.00 per hour. *Id*. Doc. No. 24-4 at ¶¶4-6.
[3] The time sheet itemizes the time spent by attorney Morgan and paralegal Jolly, identifying the person who performed each service and the date each service was performed. Doc. No. 24-4 at 6-7.

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Plaintiffs' counsel, C. Ryan Morgan, seeks a rate of $300.00 per hour for his services. Doc. No. 24-4 at ¶ 4. Mr. Morgan states the following in support of the rate sought:

> I have been a continuous member of the Florida bar since 2005. I am familiar with the rates charged by attorneys with similar experience in Central Florida. A reasonable hourly fee for a lawyer with similar experience and expertise is $300.00 per hour. My hourly rate has been approved in the Middle District. *See Payne v. Snowbirds Inn, LLC, et. al.*, Case No. 8:08-cv-1175-T-23 MAP, Docket Entry 15 (October 1, 2008) (Merryday, J).

Doc. No. 24-4 at ¶ 4. In *Girke v. Camillo Home Builders of Orlando*, LLC, Case No.: 6:08-cv-461-Orl-28KRS, Doc. No. 12 (M.D. Fla. May 29, 2008), a similar FLSA default case, Mr. Morgan requested an hourly rate of $300.00 per hour. *Id*. However, Mr. Morgan was ultimately awarded a reasonable hourly rate of $145.00 per hour. *See Girke*, Case No.: 6:08-cv-461-Orl-28KRS, Doc.

Nos. 13-14.[4] Moreover, in *Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, Doc. No. 61 at 3 (M.D. Fla. Jan. 8, 2007), the Court specifically noted that a $300.00 hourly rate for FLSA cases was "far greater than those usually awarded in this District for like work. . . ." *Id*. Thus, considering the Orlando market, the complexity of the work, and Mr. Morgan's fee awards in similar cases, the Court finds that an hourly rate of $160.00 for Mr. Morgan is appropriate.

In regard to paralegal Silvia Jolly, the affidavit states that she spent 6.5 hours of work on this case at a rate of $95.00 per hour. Doc. No. 24-4 at ¶ 5. The affidavit states that Ms. Alvarez has been working as a trained paralegal for over three years, but does not indicate any previous case where Ms. Jolly has been awarded a reasonable hourly rate. *Id*. The Court's own review similar cases show that paralegals with similar experience have been awarded a reasonable hourly rate of $95.00 per hour. *See Ochoa v. Alie Bros., Inc.*, 2007 WL 3334332 (M.D. Fla. 2007); *Ramirez v. Caribbean Food Market*, 2005 WL 2675006 (M.D. Fla. 2005). Therefore, the Court finds that the rate requested for Ms. Jolly is reasonable.

2.   **Reasonable Number of Hours**

Counsel submitted a detailed Time Sheet showing the work performed by Mr. Morgan and Ms. Jolly in this case. Doc. No. 24-4 at 6-7. After reviewing the Time Sheet, the undersigned finds that the amount of time spent on the case was reasonable. The total number of reasonable hours of work spent by counsel in this case is 6.3 hours. *Id*. At a reasonable hourly rate of $160.00 per hour, the total attorneys' fee award is $1,008.00 (6.3 x $160.00 = $1,008.00). Ms. Jolly's total number of reasonable hours of work in this case is 6.5 hours. *Id*. At a reasonable

---

[4] In *Cruz v. Petty Transportation, LLC*, Case No. 6:08-cv-498-Orl-22KRS, Doc. Nos. 37-38 (M.D. Fla. Nov. 21, 2008), another similar FLSA default judgment case, Mr. Morgan was also awarded a reasonable hourly rate of $145.00 per hour. *Id*. Similarly, in *Shannon v. Saab Training USA, LLC*, Case No. 6:08-cv-803-Orl-19DAB, Mr. Morgan was awarded a reasonable hourly rate of $175.00 per hour.

hourly rate of $95.00 per hour, the fee award for Ms. Jolly is $617.50 (6.5 x $95.00 = $617.50). The grand total attorneys' fee award is $1,625.50 ($1,008.00 + $617.50 = $1,625.50).

    **C.**    **Costs**

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id.* In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Plaintiffs seek costs in the amount of $620.00 for the filing fee ($350.00), and for the costs of service of process ($270.00). Doc. No. 24-4 at 9. The filing fee and the costs of service of process are allowable under the statutes. Thus, the undersigned finds the total costs sought ($620.00) are reasonable.

    **THEREON** it is RECOMMENDED that:

1. Plaintiffs' Motion (Doc. No. 24) be GRANTED in part and DENIED in part;
2. The Court enter judgment for Plaintiffs and against the Defendants in the following amounts:
   a. $29,109.60 in unpaid overtime compensation for Penalver;
   b. $4,850.70 in unpaid overtime compensation for Speigner;
   c. $29,109.60 in liquidated damages for Penalver;
   d. $4,850.70 in liquidated damages for Speigner;
   e. $1,625.50 in reasonable attorneys' fees;
   f. $620.00 in costs; and
3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on April 28, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record